UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYMOND V. BURKART, JR., | * | |
| | * | |
| Plaintiff | * | CIVIL ACTION NO. _____ |
| | * | |
| VERSUS | * | |
| | * | SECTION _____ |
| | * | |
| PPG INDUSTRIES, INC., AMERON | * | |
| INTERNATIONAL CORPORATION, ANCO | * | |
| INSULATIONS, INC.,EAGLE, INC., JACOBS | * | |
| CONSTRUCTORS, INC, HOPEMAN | * | |
| BROTHERS, INC., HUNTINGTON INGALLS | * | |
| INCORPORATED, LIBERTY MUTUAL | * | |
| INSURANCE COMPANY,THE MCCARTY | * | |
| CORPORATION, MW CUSTOM PAPER, | * | |
| LLC, ONEBEACON AMERICA INSURANCE | * | |
| COMPANY, REILLY-BENTON CO, INC., | * | |
| and TURNER INDUSTRIES, LLC | * | |
| | * | |
| Defendants | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc.) (collectively referred to as "Avondale"), who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notices the removal of the above-entitled action bearing No. 2017-9257 on the docket of the Civil District

Court for the Parish of Orleans, State of Louisiana, (hereinafter the "State Case") to the United States District Court for the Eastern District of Louisiana.  This Court has subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and because Avondale was, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442.  The grounds for removal are as follows:

1.

Venue of the removed action is proper in this Court as it is the district court for the district where the State Case is pending, pursuant to 28 U.S.C. § 1441(a).

2.

Avondale is named as a defendant in the State Case, which was filed on September 26, 2017 by Raymond V. Burkart, Jr. The original Petition for Damages is attached as Exhibit A. Plaintiff alleges he was exposed to asbestos-containing products at Avondale Shipyard ("Avondale") in the 1960's, which caused him to contract mesothelioma.  The petition for damages provides broad allegations of alleged exposures to asbestos, but does not provide any details as to where or how the decedent was exposed, or whether he was exposed on ships at Avondale.  The petition does not specifically link any exposure at Avondale to United States Navy vessels.

3.

During his deposition on October 18-19, 2017, Mr. Burkart testified that all of his work at Avondale in 1963 was below deck aboard a Destroyer Escort being built for the United States Navy, and that while he was working at Avondale in 1965, he was twice treated for injuries sustained while working aboard a U.S. Navy Destroyer Escort. This deposition testimony has placed Avondale on notice that his alleged asbestos exposure relates, at least in part, to asbestos-containing materials being installed aboard Destroyer Escorts being built by Avondale under the detailed supervision and control of one or more officers of the United States.

4.

This Notice of Removal is therefore timely filed because it is being filed within thirty (30) days of Avondale's first notice of plaintiff's claim that he was injured due, in part, to exposure to asbestos-containing products aboard a ship being built for the United States Navy. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc., v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999).

5.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1).  Assuming *arguendo* that Raymond Burkart was exposed to asbestos at Avondale's facility aboard Destroyer Escorts, the use of asbestos-containing materials was required and controlled by officers of the United States.

6.

Avondale raises colorable federal defenses to this action under the jurisprudential doctrine known as the "Government Contractor Defense". Furthermore, a causal nexus exists between the claims made by the plaintiff and the acts performed under color of federal office. Additionally, Avondale raises a colorable defense under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 905(a), which renders Avondale employees immune from state tort law claims for damages.

7.

During the period of the decedent's alleged exposure aboard Destroyer Escorts, those vessels were being built at Avondale pursuant to contracts executed between Avondale and the United States government.

8.

The use and installation of asbestos-containing materials in the construction of Destroyer Escorts was pursuant to mandatory terms, conditions, and specifications established by the United States government, including the United States Navy, and under the direct supervision and monitoring of representatives of the United States government.

9.

The materials used in building the Destroyer Escorts – including asbestos-containing materials – were in fact the kind, type, and brand of materials specifically mandated by the contracts between Avondale and the United States government, and by the incorporated military specifications and government-approved materials lists, plans and specifications.

10.

The shipbuilding process – specifically including the application, use, and handling of asbestos-containing materials – was monitored and enforced by inspectors and other representatives of the United States government on a day-to-day and job-specific basis.

11.

Avondale qualifies as a person "acting under any officer of the United States or any agency thereof" pursuant to 28 U.S.C. §1442(a)(1). The State Case is therefore removable to this Court because Avondale can raise as a federal defense its immunity under the "Government Contractor Defense". *Winters v. Diamond Shamrock Chemical Company*, 149 F.3d 387 (5th Cir. 1998).

12.

Concurrent with the filing of this Notice of Removal, written notices have been given to all adverse parties, and a copy of this Notice of Removal is being filed with the Clerk of Court, Civil District Court of the Parish of Orleans, State of Louisiana.

**WHEREFORE**, Avondale hereby gives notice that the proceeding bearing number 2017-9257 in the Civil District Court for the Parish of Orleans, State of Louisiana is removed therefrom to the docket of this Honorable Court for trial and determination as provided by law.

**WHEREFORE**, Avondale further prays that this Honorable Court enter such orders and

issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and thereupon proceed with this civil action as if it had originally commenced in this Court.

        Respectfully submitted,

        IRWIN FRITCHIE URQUHART & MOORE LLC

        By: */s/ David M. Melancon*
            GUS A. FRITCHIE (#5751)
            TIMOTHY F. DANIELS (#16878)
            DAVID M. MELANCON (# 23216)
            EDWARD W. TRAPOLIN (#27667)
            ALISON A. SPINDLER (#34103)
            ALEX T. ROBERTSON (#37285)
            400 Poydras Street, Suite 2700
            New Orleans, LA 70130
            Telephone: (504)310-2100
            Facsimile: (504)310-2101
            gfritchie@irwinllc.com
            tdaniels@irwinllc.com
            etrapolin@irwinllc.com
            arobertson@irwinllc.com
            aspindler@irwinllc.com
            ***Attorneys for Huntington Ingalls Incorporated***

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 17th day of November 2017.

        */s/ David M. Melancon*