

FILED
SEP 26 2017
CLERK'S OFFICE
CIVIL DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2017-9257          SECTION 10          DIVISION "C"



RAYMOND V. BURKART, JR.

VERSUS

PPG INDUSTRIES, INC., ET AL          **SECTION 10**

FILED: _____

DEPUTY CLERK

**PETITION FOR DAMAGES**

Now into Court, through undersigned counsel, comes the petitioner, Raymond V. Burkart, Jr., (hereinafter referred to as the Plaintiff) whose name and residence is shown on Exhibit "A," which is attached hereto and incorporated herein, who files this his Petition for Damages:

1.     The Plaintiff, individually and through his father, Raymond V. Burkart, Sr., deceased, and uncles, Bernard Burkart, and Harold Hertz, deceased, had substantial exposure to asbestos and asbestos-containing products sold, distributed, supplied, applied, removed, used, manipulated and/or maintained on defendants' premises at the locations described in Exhibit "A".

2.     The Defendants, identified in Exhibit "B," are all either (a) foreign corporations licensed to do and doing business in the state of Louisiana, (b) domestic corporations licensed to do business and doing business in the state of Louisiana, (c) individuals who are domiciled in this state, (d) individuals who are not domiciled in this state, or (e) foreign or alien insurers, that are liable to the Plaintiff for the claims asserted herein.

3.     Each Defendant corporation and/or its predecessor-in-interest is, or at times material hereto, has been engaged in the processing, manufacturing, installation, removal, maintenance, sale, use and/or distribution of asbestos asbestos-containing products, and/or machinery

VERIFIED
Christy Try
10/2/17

requiring or calling for the use of asbestos and/or asbestos-containing products (hereinafter collectively referred to as "asbestos-containing products"), or held themselves out as manufacturers of such products or were professional vendors of such products.

4.     Plaintiff, his father, Raymond V. Burkart, Sr., deceased, and his uncles, Bernard Burkart and Harold Hertz, deceased, worked with and/or was exposed to asbestos-containing products while working at defendants' premises in the state of Louisiana.   Plaintiff, his father, Raymond V. Burkart, Sr., deceased, and his uncles', Bernard Burkart and Harold Hertz, deceased, work sites, trades and years of exposure to asbestos include, but are not limited to those identified in Exhibit "A."   Plaintiff has been exposed, on numerous occasions, to asbestos and/or asbestos-containing products produced, installed, removed, maintained, sold, and/or distributed by Defendants and, in so doing, has inhaled significant quantities of asbestos fibers, and as a result has suffered injuries proximately caused by such exposure.

5.     Plaintiff was exposed to asbestos or asbestos-containing products in occupation(s) including, but not limited to, those set forth in Exhibit "A." The conduct of each Defendant was a substantial contributing factor in causing Plaintiff's injuries, such that all Defendants are liable jointly, severally, and in solido for all of the damages complained of herein.

6.     In addition, plaintiff alleges that he was exposed to asbestos fibers and dust emanating from the work clothing, body and hair of his father, Raymond V. Burkart, Sr., deceased, and uncles, Bernard Burkart and Harold Hertz, deceased, which originated from the asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products sold, and/or distributed by Defendants listed in Exhibit "B." Plaintiff was exposed to the asbestos dust and fibers brought home by his father in the normal course of performing household activities, and/or

transported in the vehicle of his father and/or uncles, who plaintiff regularly carpooled with to and from work.

7.     Plaintiff was exposed to asbestos or asbestos-containing products directly and through his father, Raymond V. Burkart, Sr., deceased, and his uncles, Bernard Burkart and Harold Hertz, deceased, in occupation(s) including, but not limited to, those set forth in Exhibit "A."  The conduct of each Defendant was a substantial contributing factor in causing Plaintiff's injuries, such that all Defendants are liable jointly, severally, and in solido for all of the damages complained of herein.

**VENUE**

8.     The defendant, Eagle, Inc., is a domestic corporation with principal places of business located in this Parish. Plaintiff was exposed to products, distributed and installed by the above-referenced defendants at the work sites listed herein. Plaintiff specifically alleges that these products, in combination with other asbestos-containing products, caused his asbestos-related injuries.

9.     Each of the defendants listed in Exhibits "B," contributed with Eagle, Inc. to Plaintiff's exposure to asbestos at his work sites, including but not limited to, the exposure sites listed herein.  Each of these defendants is liable in solido, with Eagle, Inc. to the Plaintiff.  Thus, venue proper for this defendant is proper for all defendants pursuant to Louisiana Code of Civil Procedure articles 42 and 73.

10.     Further, the insurance defendant, OneBeacon America Insurance Company, issued policies of comprehensive general liability insurance to defendant, Huntington Ingalls Incorporated's executive officers, including, but not limited to, Henry "Zac" Carter, deceased, who contributed to Plaintiff's exposure at Plaintiff's work sites, including but not limited to, the exposure sites listed herein. Henry "Zac" Carter was domiciled in Orleans Parish at the time of their death. As such, the insurance defendant is liable for the damages

alleged against Huntington Ingalls Incorporated's executive officers, including, but not limited to, Henry "Zac" Carter, individually, jointly and *in solido*. In addition, pursuant to the Louisiana Direct Action Statute, La. R.S. 22:1269, venue is proper for these defendants.

## **DISCLAIMER**

### (APPLIES TO ALL COUNTS)

11.    Plaintiff hereby disclaims any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer). Specifically, Plaintiff disclaims any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution. Plaintiff also disclaims any cause of action or claim for recovery based on any exposure to asbestos caused by any person or entity acting under the authority of a federal officer or agency.  Finally, although Plaintiff is unaware of any such exposures, to the extent that Plaintiff was exposed to asbestos aboard a vessel of the United States Navy, Plaintiff's product liability claims are based solely on the failure to warn, and not on any defects in design. Plaintiff has sued all Defendants for Petitioner's land-based exposures only.

## **BACKGROUND**

12.    During Plaintiff, his father and/or uncles' occupational exposure period, each of the defendants designed, tested, evaluated, packaged, furnished, stored, handled, transported, installed, used, supplied and/or sold asbestos-containing products set forth below and identified herein:

| Defendants | Asbestos-Containing Products |
|---|---|
| Ameron International Corporation | Pipe and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |

| | |
|---|---|
| Eagle, Inc. | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Hopeman Brothers, Inc. | Asbestos-containing wallboard systems |
| Liberty Mutual Insurance Company, as the insurer of Wayne Manufacturing Company | See Wayne Manufacturing Company |
| The McCarty Corporation | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| MW Custom Paper, LLC, as successor-in-interest to the Mead Corporation | Paper and other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Reilly-Benton Co., Inc. | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Wayne Manufacturing Company | Asbestos-containing wallboard systems |

Each of the foregoing asbestos containing products was used at Plaintiff's, his father's and/or uncles' jobsites listed herein where Plaintiff, his father and/or uncles' were exposed to such asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

13.    When inhaled or otherwise ingested, asbestos, shortly after inhalation or ingestion, causes irreparable and progressive damage that can manifest itself as asbestos-related pleural diseases, asbestosis, lung cancer and mesothelioma, and other diseases and injuries.

14.   Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to the Plaintiff, his father, and/or uncles of the health hazards inherent in the asbestos-containing products they were selling or using.  Instead of warning the Plaintiff and the general public about these dangers, the defendants ignored or concealed such information, or condoned such concealment.  Those defendants who have engaged in concealing the dangers of asbestos are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence and strict liability, identifies other forms of misconduct as set out herein and similarly identified by name of the particular defendant above the specific counts of misconduct.

15.   In connection with his work at Plaintiff, his father and/or uncles' jobsites listed herein during the exposure period, the Plaintiff was exposed to and inhaled or otherwise ingested significant quantities of asbestos having neither knowledge, nor reason to believe that these materials were dangerous.

16.   As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos while working at the exposure sites listed herein, Plaintiff has received injuries, both physically and mentally, including, without limitation, malignant mesothelioma.

17.   Because of the latency period of the above injuries and other injuries caused by asbestos and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, the Plaintiff has only recently, within one year, discovered his injuries.

### **COUNT ONE**

NEGLIGENCE
("Defendants" in this count mean Ameron International Corporation; Eagle, Inc.; Hopeman Brothers, Inc.; Liberty Mutual Insurance Company, as insurer of Wayne Manufacturing Company; The McCarty Corporation; MW Custom Paper, LLC, as successor-in-interest to the Mead Corporation; and Reilly-Benton Co., Inc.)

18.     The illnesses and disabilities of Plaintiff are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, sold and/or otherwise put into the stream of commerce asbestos or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiff's health and well-being.  The Defendants were negligent in one, some or all of the following respects, among others, same being the proximate cause of Plaintiff's illnesses and disabilities:

(a)     failing to timely and adequately warn Plaintiff, his father and/or uncles of the dangerous characteristics and serious health hazards associated with exposure to asbestos and/or asbestos-containing products;

(b)     failing to provide Plaintiff, his father and/or uncles with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if any, to protect Plaintiff from being harmed and disabled by exposure to asbestos and/or asbestos-containing products;

(c)     failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, to warn of the dangers to health of coming into contact with said asbestos or asbestos-containing products and/or machinery;

(d)     failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling, installing, and/or using or removing asbestos and/or asbestos-containing products;

(e)     failing to develop and/or use a substitute material to eliminate asbestos fibers in the asbestos-containing products;

(f)    failing to properly design and manufacture asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)    failing to properly test asbestos-containing products before they were released for consumer use; and

(h)    failing to recall and/or remove from the stream of commerce said asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products.

**COUNT TWO**

STRICT LIABILITY
("Defendants" in this count mean Ameron International Corporation; Eagle, Inc.; Hopeman Brothers, Inc.; Liberty Mutual Insurance Company, as insurer of Wayne Manufacturing Company; The McCarty Corporation; MW Custom Paper, LLC, as successor-in-interest to the Mead Corporation; and Reilly-Benton Co., Inc.)

19.    All of the allegations contained in the previous paragraphs are realleged herein.

20.    Plaintiff, his father and/or uncles were exposed to asbestos-containing products that were distributed by the Defendants and/or their predecessors-in-interest for use as construction materials and/or machinery in industrial operations.  The defective condition of the products rendered such products unreasonably dangerous, and the asbestos-containing products were in this defective condition at the time they left the hands of Defendants. Further, said products were unreasonably dangerous per se, unreasonably dangerous due to Defendants' failure to warn, and unreasonably dangerous due to a design defect.

21.    The Defendants are engaged in the business of selling asbestos-containing products, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries of Plaintiff.

22.   Defendants knew that these asbestos-containing products would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation, installation, operation, maintenance and/or repair of the asbestos-containing products.

23.   Plaintiff was unaware of the hazards and defects in the asbestos-containing products of the Defendants which made them unsafe for purposes of manipulation and/or installation.

24.   During the periods that Plaintiff, his father and/or uncles were exposed to the Defendants' asbestos-containing products, these asbestos-containing products were being used in a manner which was intended and/or reasonably foreseeable by Defendants.

### COUNT THREE

NEGLIGENCE AND STRICT LIABILITY
AGAINST THE CONTRACTOR DEFENDANTS
("Defendants" in this count mean Anco Insulations, Inc.; Hopeman Brothers, Inc.; Jacobs Constructors, Inc.; Turner Industries, LLC, as successor-in-interest to Nichols Construction Company, LLC, successor-in-interest to Nichols Construction Corporation; and Turner Industries, LLC, as successor-in-interest to National Maintenance Holding Company, LLC, successor-in interest to National Maintenance Corporation)

25.   The Defendants contracted at the jobsites identified herein to perform certain activities at those jobsites prior to and/or during each Plaintiff, his father and/or uncles' exposure period at each such jobsites.

26.   The activities conducted by the Defendants and/or their subcontractors, included, but were not limited to, the application, demolition, displacement, disturbance, fabrication, installation, purchase, removal, repair, replacement, tearing out, and use of asbestos-containing products at, on and/or for the jobsites identified herein.

27.   The foregoing activities resulted in the release of substantial quantities of asbestos dust into the work environment.

28.   Plaintiff, his father and/or uncles were exposed to and inhaled substantial quantities of asbestos dust as a direct and proximate result of the activities of the Contractor Defendants and their subcontractors.

29.   The Contractor Defendants negligently performed and/or permitted their subcontractors to negligently perform the foregoing activities in the following non-exclusive particulars:

(a)   By creating a work environment laden with asbestos dust and an unhealthy and unsafe place for Plaintiff, his father and/or uncles to work;

(b)   By failing to provide warnings, or adequate warnings, to Plaintiff, his father and/or uncles of the dangers and risks posed by the asbestos in the atmosphere in which Plaintiff, his father and/or uncles worked; of the need for correct, adequate, and/or appropriate safety equipment; of critical medical and safety information regarding asbestos hazards in general and of hazards at the jobsites in particular; and of the hazards created by Defendants' activities;

(c)   By failing to test, or adequately test, the work environment for the presence of toxic, hazardous and carcinogenic chemicals, particularly asbestos;

(d)   By failing to apprise Plaintiff, his father and/or uncles of the need for periodic medical examinations as a result of Plaintiff, his father and/or uncles' exposure to asbestos created by Defendants' activities;

(e)   By failing to ventilate and/or properly ventilate the areas in which Plaintiff, his father and/or uncles performed activities, or otherwise provide a safe and suitable means of eliminating the amount of asbestos dust in the air;

(f)     By failing to clean up and/or properly clean up the asbestos dust created by Plaintiff, his father and/or uncles' activities;

(g)     By failing to formulate policies and adopt plans, procedures, and supervision necessary for the adequate protection of persons, such as Plaintiff, his father and/or uncles, who came into contact with asbestos dust as a result of Plaintiff, his father and/or uncles' activities;

(h)     By recklessly concealing from Plaintiff, his father and/or uncles and negligently failing to provide critical medical and safety information to Plaintiff, his father and/or uncles regarding the safety and health risks associated with the asbestos and asbestos-containing products;

(i)     By failing to adopt and/or failing to enforce safety rules after such rules were actually adopted;

(j)     By failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and protection against, occupational exposure to asbestos;

(k)     By failing to properly supervise and/or monitor their work areas for compliance with safety regulations;

(l)     By failing to supervise their operations and the operations of their subcontractors;

(m)     By commencing and continuing operations, which were under their control and supervision when they knew or should have known that such operations would cause Plaintiff, his father and/or uncles and co-employees to be exposed to asbestos, without protection, on a daily basis;

(n)     By failing to timely, adequately and safely remove asbestos hazards from the workplace;

(o)     By failing to comply with applicable State and Federal regulations regulating workplace exposure to asbestos (including, but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh-Healey Public Contracts Act and the Occupational Safety and Health Act);

(p)     By applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that Defendants knew, or in the exercise of reasonable diligence should have known, were unreasonably dangerous, or unreasonably dangerous per se;

(q)     By not providing safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with their activities;

(r)     By failing to test or adequately test the materials with which they were working to determine the presence of asbestos;

(s)     By failing to purchase products and materials that did not contain asbestos;

(t)     By purchasing, using, applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that contained asbestos;

(u)     By failing to properly label products that they purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and tore out as containing asbestos; and

(v)     By conducting their activities through such other negligent acts or omissions, as may be revealed in discovery and/or proven at trial.

30.   The negligent acts outlined above were a substantial contributing factor in Plaintiff, his father and/or uncles' exposure to dangerous and hazardous levels of asbestos, and resultant damages.

31.   The foregoing negligent acts of the Contractor Defendants were a cause-in-fact and proximate cause of the Plaintiff's injuries and damages.

32.   Additionally, the Contractor Defendants are liable for the acts of their subcontractors under the doctrine of *respondeat superior* and Louisiana Civil Code article 2320.

33.   Additionally and alternatively, the asbestos-containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Contractor Defendants were in the care, custody and control of the Contractor Defendants, jointly with the premise defendants, were unreasonably dangerous due to the presence of asbestos, and were a proximate cause and cause-in-fact of the Plaintiff's injuries.   Therefore, the Contractor Defendants are strictly liable for Plaintiff's damages pursuant to Louisiana Civil Code article 2317.

34.   Additionally, when such contractors did not employ Plaintiff, his father and/or uncles, Plaintiff, his father and/or uncles were exposed to the asbestos containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Contractor Defendants that were in the care, custody and control of the Contractor Defendants and were unreasonably dangerous due to the presence of asbestos.

### **COUNT FOUR**

NEGLIGENCE AND STRICT PREMISE LIABILITY
(" Defendants" in this case mean PPG Industries, Inc.)

35.   Plaintiff was exposed to asbestos and asbestos-containing materials while working at the jobsites identified herein. The premise defendants at, all times relevant to this complaint, have been either the

operator and/or the manager and/or the owner and occupier of its respective facilities and in custody of the facilities during the relevant time period.  The facilities were defective in that the asbestos and asbestos-containing materials in the facilities created an unreasonable risk of harm to the Plaintiff and other persons on the premises.  Plaintiff was exposed to asbestos and asbestos-containing materials while he was an invitee at the premise defendants' facilities. The defective condition of the facilities was a proximate cause of the Plaintiff contracting malignant mesothelioma. Therefore, the Premise Defendants are strictly liable for Plaintiff's damages pursuant to Louisiana Civil Code article 2317.

36.    Each of the Premise Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest, individually and/or in concert, breached their duty of ordinary care to the Plaintiff by negligently hiring, delegating, training, administering, supervising and performing duties owed individually and/or delegated to them,  or failing to hire, delegate, train, administer, supervise or perform their duties owed individually and/or delegated to them directly and proximately causing the asbestos-related injuries, illnesses and disabilities of Plaintiff.  The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiff's asbestos-related injuries, illnesses and disabilities:

(a)    in failing to provide adequate safety equipment;

(b)    in failing to protect Plaintiff from any asbestos exposure;

(c)    in failing to provide Plaintiff sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

(d)   in failing to supervise or insure compliance with safety guidelines concerning exposure to asbestos or asbestos-containing products;

(e)   in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Plaintiff 's exposure to asbestos dust;

(f)   in failing to properly perform safety inspections of the Plaintiff's work place;

(g)   in failing to properly perform engineering Service, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Plaintiff's work sites;

(h)   in failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

(i)   in failing to properly perform or direct the removal and abatement of asbestos in place at Plaintiff's work sites; and

(j)   in negligently failing to disclose, warn or reveal medical and safety information to Plaintiff regarding the hazards of asbestos.

(k)   in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to work;

(l)   in failing to evaluate the work place;

(m)   in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to work;

(n)   in failing to properly evaluate the work place;

(o)   in failing to properly implement control measures to reduce or eliminate harmful agents in the work place, including asbestos; and

(p)    in failing to properly train, educate and/or warn the plaintiff of the dangers of asbestos.

37.    The Premise Defendants are liable to Plaintiff for its failure to exercise reasonable care to protect Plaintiff from the foreseeable dangers associated with exposure to asbestos.    The Premise Defendants, as the premises operator and/or manager and/or owner and occupier, and/or custodian, had a non-delegable duty to keep the premises safe for invitees. The Premise Defendants knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Plaintiff from said risk of harm.   The Premise Defendants' failure to protect Plaintiff, from known and/or foreseeable dangers constitutes negligence.   Said negligence was a proximate cause of Plaintiff, Raymond V. Burkart, Jr., contracting malignant mesothelioma.

## COUNT FIVE

NEGLIGENCE AND STRICT LIABILITY
OF PLAINTIFF'S EMPLOYER
("Defendants" in this count means
PPG Industries, Inc.)

38.    Plaintiff alleges negligent conduct and misconduct on behalf of Plaintiff's employer, PPG Industries, Inc., in failing to provide and/or ensure a safe workplace for their employees, free of hazardous concentrations of asbestos and asbestos-containing dust.

39.    At various times, Plaintiff was employed by the Employer Defendant, PPG Industries, Inc., and during such time was exposed to asbestos and asbestos-containing dust without the provision of appropriate safeguards by Defendants.

40.   The   Defendants   and/or   their   predecessors-in-interest, subsidiaries, or successors-in-interest undertook and assumed the duties and responsibilities owed individually for providing Plaintiff with a safe place to work and Defendants negligently failed to provide Plaintiff a safe place to work.

41.   Each of the Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest, individually and/or in concert, breached their duty of ordinary care to the Plaintiff by negligently hiring, delegating, training, administering, supervising and performing duties owed individually and/or delegated to them,  or failing to hire, delegate, train, administer, supervise or perform their duties owed individually and/or delegated to them directly and proximately causing the asbestos-related injuries, illnesses and disabilities of Plaintiff.  The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiff's asbestos-related injuries, illnesses and disabilities:

(a)   in failing to provide adequate safety equipment;

(b)   in failing to protect Plaintiff from any asbestos exposure;

(c)   in failing to provide Plaintiff sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

(d)   in failing to supervise or insure compliance with safety guidelines concerning exposure to asbestos or asbestos-containing products;

(e)   in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Plaintiff 's exposure to asbestos dust;

(f)   in failing to properly perform safety inspections of the Plaintiff's work place;

(g)     in failing to properly perform engineering services, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Plaintiff's work sites;

(h)     in failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

(i)     in failing to properly perform or direct the removal and abatement of asbestos in place at Plaintiff's work sites; and

(j)     in negligently failing to disclose, warn or reveal medical and safety information to Plaintiff regarding the hazards of asbestos.

(k)     in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to work;

(l)     in failing to evaluate the work place;

(m)    in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to work;

(n)     in failing to properly evaluate the work place;

(o)     in failing to properly implement control measures to reduce or eliminate harmful agents in the work place, including asbestos; and

(p)     in failing to properly train, educate and/or warn the plaintiff of the dangers of asbestos.

42.     The negligence of Plaintiff's employers was a substantial factor and contributed in causing Plaintiff, Raymond V. Burkart, Jr., to contract malignant mesothelioma.

43.     Additionally and alternatively, the asbestos-containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the

Employer Defendants were in the care, custody and control of the Employer Defendants, jointly with the premise defendants, were unreasonably dangerous due to the presence of asbestos, and were a proximate cause and cause-in-fact of the Plaintiff's injuries.  Therefore, the Employer Defendant, PPG Industries, Inc., is strictly liable for Plaintiff's damages pursuant to Louisiana Civil Code article 2317.

### COUNT SIX

NEGLIGENCE
(" Defendants" in this case mean Huntington Ingalls Incorporated; and OneBeacon America Insurance Company, as successor to Commercial Union Insurance Company, as the insurer of Huntington Ingalls Incorporated's executive officers, including, but not limited to, Henry "Zac" Carter, deceased)

44.    Plaintiff, his father, and uncles were exposed to asbestos and asbestos-containing materials while working at the jobsites identified herein and by asbestos-containing materials unknowingly brought home by and/or transported in the vehicle of his father and/or uncles, who plaintiff regularly carpooled with to and from work. The premise defendant and/or their predecessors-in-interest, subsidiaries, or successors-in-interest, individually and/or in concert, breached their duty of ordinary care to the Plaintiff, his father and uncles by negligently hiring, delegating, training, administering, supervising and performing duties owed individually and/or delegated to them, or failing to hire, delegate, train, administer, supervise or perform their duties owed individually and/or delegated to them directly and proximately causing the asbestos-related injuries, illnesses and disabilities of Plaintiff.   The Defendant and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiff's asbestos-related injuries, illnesses and disabilities:

(a)    in failing to provide adequate safety equipment, including, change rooms, and/or clothes for Plaintiff, his father and uncles to change into while working at its premises;

(b)    in failing to protect Plaintiff, his father, and uncles from any asbestos exposure;

(c)    in failing to provide Plaintiff, his father and uncles sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

(d)    in failing to supervise or insure compliance with safety guidelines concerning exposure to asbestos or asbestos-containing products;

(e)    in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Plaintiff, his father and uncles' exposure to asbestos dust;

(f)    in failing to properly perform safety inspections of the Plaintiff, his father and uncles' work place;

(g)    in failing to properly perform engineering Service, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Plaintiff, his father and uncles' work sites;

(h)    in failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

(i)    in failing to properly perform or direct the removal and abatement of asbestos in place at Plaintiff, his father and uncles' work sites; and

(j)    in negligently failing to disclose, warn or reveal medical and safety information to Plaintiff, his father and uncles regarding the hazards of asbestos.

(k)     in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to work;

(l)     in failing to evaluate the work place;

(m)    in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to work;

(n)     in failing to properly evaluate the work place;

(o)     in failing to properly implement control measures to reduce or eliminate harmful agents in the work place, including asbestos; and

(p)     in failing to properly train, educate and/or warn the Plaintiff, his father and uncles of the dangers of asbestos.

45.     The Premise Defendant is liable to Plaintiff, his father, and uncles for its failure to exercise reasonable care to protect Plaintiff from the foreseeable dangers associated with exposure to asbestos.   The Premise Defendants, as the premises operator and/or manager and/or owner and occupier, and/or custodian, had a non-delegable duty to keep the premises safe for invitees.  The Premise Defendants knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Plaintiff from said risk of harm.  The Premise Defendants' failure to protect Plaintiff, his father and uncles, from known and/or foreseeable dangers constitutes negligence.  Said negligence was a proximate cause of Plaintiff, Raymond V. Burkart, Jr. contracting malignant mesothelioma.

**COUNT SEVEN**

NEGLIGENCE
OF PLAINTIFF, PLAINTIFF'S FATHER AND UNCLES' EMPLOYERS
("Defendants" in this count mean Huntington Ingalls Incorporated; and
OneBeacon America Insurance Company, as successor to Commercial Union
Insurance Company, as the insurer of Huntington Ingalls Incorporated's
executive officers, including, but not limited to, Henry "Zac" Carter, deceased)

46.    Plaintiff alleges negligent conduct and misconduct on behalf of
Plaintiff, his father, and uncles' employers in failing to provide and/or ensure a
safe workplace for their employees, free of hazardous concentrations of
asbestos and asbestos-containing dust.

47.    At various times, Plaintiff, his father, and uncles were employed by
the Employer Defendants and during such time was exposed to asbestos and
asbestos-containing dust without the provision of appropriate safeguards by
Defendants.

48.    The    Defendants    and/or    their    predecessors-in-interest,
subsidiaries, or successors-in-interest undertook and assumed the duties and
responsibilities owed individually for providing Plaintiff and his father with a
safe place to work and Defendants negligently failed to provide Plaintiff, his
father and uncles a safe place to work.

49.    Each of the Defendants and/or their predecessors-in-interest,
subsidiaries,   or   successors-in-interest,   individually   and/or   in   concert,
breached their duty of ordinary care to the Plaintiff, his father and uncles by
negligently   hiring,   delegating,   training,   administering,   supervising   and
performing duties owed individually and/or delegated to them,   or failing to
hire,   delegate,   train,   administer,   supervise   or   perform   their   duties   owed
individually and/or delegated to them directly and proximately causing the
asbestos-related injuries, illnesses and disabilities of Plaintiff.  The Defendants
and/or  their  predecessors-in-interest,  subsidiaries,  or  successors-in-interest
were negligent in one, some and/or all of the following respects, among others,

same being the proximate cause of Plaintiff's asbestos-related injuries, illnesses and disabilities:

(a) in failing to provide adequate safety equipment;

(b) in failing to protect Plaintiff, his father, and uncles from any asbestos exposure;

(c) in failing to provide Plaintiff, his father and uncles sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

(d) in failing to supervise or insure compliance with safety guidelines concerning exposure to asbestos or asbestos-containing products;

(e) in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Plaintiff, his father and uncles' exposure to asbestos dust;

(f) in failing to properly perform safety inspections of the Plaintiff, his father and uncles' work place;

(g) in failing to properly perform engineering services, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Plaintiff, his father and uncles' work sites;

(h) in failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

(i) in failing to properly perform or direct the removal and abatement of asbestos in place at Plaintiff, his father and uncles' work sites; and

(j) in negligently failing to disclose, warn or reveal medical and safety information to Plaintiff, his father and uncles regarding the hazards of asbestos.

(k)     in failing to properly hire, delegate, train, administer and/or
        supervise employees to be in charge of providing a safe place to
        work;

(l)     in failing to evaluate the work place;

(m)     in failing to properly hire, delegate, train, administer and/or
        supervise employees to be in charge of providing a safe place to
        work;

(n)     in failing to properly evaluate the work place;

(o)     in failing to properly implement control measures to reduce or
        eliminate harmful agents in the work place, including asbestos;
        and

(p)     in failing to properly train, educate and/or warn the plaintiff of the
        dangers of asbestos.

50.     The negligence of Plaintiff, his father and uncles' employers was a
substantial factor and contributed in causing Plaintiff, Raymond V. Burkart,
Jr., to contract malignant mesothelioma.

**<u>COUNT EIGHT</u>**

INSURANCE ALLEGATIONS

51.     Plaintiff avers that OneBeacon America Insurance Company, as
successor to Commercial Union Insurance Company, issued policies of
comprehensive general liability insurance to Huntington Ingalls Incorporated's
executive officers, including, but not limited to, Henry "Zac" Carter, deceased,
that provided coverage for the causes of action asserted by plaintiff against
Huntington Ingalls Incorporated's executive officers, including, but not limited
to, Henry "Zac" Carter, deceased. As such, OneBeacon America Insurance
Company, as successor to Commercial Union Insurance Company is liable for
the damages alleged against Huntington Ingalls Incorporated's executive

officers, including, but not limited to, Henry "Zac" Carter, deceased, individually, jointly and *in solido*.

52.    Plaintiff avers that Liberty Mutual Insurance Company issued policies of comprehensive general liability insurance to Wayne Manufacturing Co., Inc., that provided coverage for the causes of action asserted by Plaintiff against Wayne Manufacturing Co., Inc. As such, Liberty Mutual Insurance Company is liable for the damages alleged against Wayne Manufacturing Co., Inc., individually, jointly and *in solido*.

## COUNT NINE

### JOINT AND SOLIDARY LIABILITY

53.    All of the allegations contained in the previous paragraphs are realleged herein.

54.    Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Plaintiff.

55.    The actions of each of the Defendants are a proximate cause of Plaintiff's injuries.  As a result, all Defendants are jointly and solidarily liable for the damage caused by their combined actions.

## DAMAGES

56.    The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related disease and other related physical conditions of Plaintiff.  Plaintiff has been damaged in the following non-exclusive particulars:

(a)    Plaintiff has suffered great physical pain and mental anguish and will continue to suffer great pain of body and mind throughout his lifetime;

(b)    Plaintiff has incurred economic loss, including loss wages, hospital and/or medical and/or pharmaceutical and/or other expenses and will continue to incur such loss and/or expenses in the future due

to the progressively disabling character of asbestos-related lung disease and other related physical conditions from which he now suffers and will continue to suffer in the future;

(c)     Plaintiff suffers a physical impairment at this time and will continue to suffer this impairment in the future due to the disabling character of asbestos-related lung disease and other related physical conditions;

(d)     Plaintiff suffers a permanent partial disability at this time and will become permanently and totally disabled in the future due to the progressive character of asbestos-related lung disease and other related physical conditions;

(e)     Plaintiff is subject to increased progression of his cancer all due to his exposure to asbestos by the named Defendants;

(f)     Plaintiff requires or will require domestic help and nursing care due to his disabilities and has been or will be required to pay for such domestic help and nursing service; and

(g)     Prior to the onset of his symptoms, Plaintiff was extremely active and participated in numerous hobbies and activities, and as a result of his illness, Plaintiff has been and will be prevented from engaging in some of said activities which were normal to him prior to developing symptoms from asbestos-related lung disease. Plaintiff has been and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

57.     Plaintiff filed suit within one (1) year of the date of discovering Plaintiff's asbestos-related conditions or the existence of any asbestos-related causes of action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for their costs expended herein, for prejudgment interest from the date of Plaintiff's filing of the lawsuit and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiff may show themselves justly entitled.

Respectfully submitted,

WADDELL ANDERMAN, LLC

By: _____

Cameron R. Waddell (Bar No. 24245)
Jody E. Anderman (Bar No. 18764)
Claire Carville Ross (Bar No. 35698)
2222 Eastgate Drive
Baton Rouge, LA 70816
Telephone: (225) 636-5639
Facsimile: (225) 636-5209
**Counsel for plaintiff**

**EXHIBIT "A"**

Plaintiff:             Raymond V. Burkart, Jr.

Address:             27024 Blahut Rd.
Hammond, LA 70403

SSN:               439-60-****

Disease:             Mesothelioma

| RAYMOND V. BURKART, JR'S WORK HISTORY | | | |
|---|---|---|---|
| YEARS | EMPLOYER | SITE(S) | OCCUPATION |
| 6/4/63 – 9/16/63 | Avondale Shipyards | Avondale, LA | Helper |
| 6/1/64 – 8/31/64 | Avondale Shipyards | Avondale, LA | Helper |
| 1966 - 1979 | PPG Industries | Lake Charles, LA | Mechanical Engineer |

| RAYMOND V. BURKART, SR'S WORK HISTORY | | | |
|---|---|---|---|
| YEARS | EMPLOYER | SITE(S) | OCCUPATION |
| 1960s | Hopeman Brothers, Inc. | Avondale Shipyards Avondale, LA | |
| 1960s | Avondale Shipyards | Avondale, LA Westwego | Shipfitter/Supervisor |

| BERNARD BURKART'S WORK HISTORY | | | |
|---|---|---|---|
| YEARS | EMPLOYER | SITE(S) | OCCUPATION |
| 6/4/63 – 9/16/63 | Avondale Shipyards | Avondale, LA | Shipfitter |
| 6/1/64 – 8/31/64 | Avondale Shipyards | Avondale, LA | Shipfitter |

| HAROLD HERTZ'S WORK HISTORY | | | |
|---|---|---|---|
| YEARS | EMPLOYER | SITE(S) | OCCUPATION |
| 6/4/63 – 9/16/63 | Avondale Shipyards | Avondale, LA | Shipfitter |
| 6/1/64 – 8/31/64 | Avondale Shipyards | Avondale, LA | Shipfitter |

## EXHIBIT "B"

1. **Ameron International Corporation**
   a corporation authorized to do and doing business in the State of
   Louisiana, with its principal place of business located in Pasadena,
   California, and with and agent for service of process to-wit: C. T.
   Corporation Systems, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

2. **Anco Insulations, Inc.**
   a domestic corporation duly organized, created and existing under and
   by virtue of the laws of the state of Louisiana, with its principal place of
   business in Baton Rouge, Louisiana and with an agent for service, to-wit:
   Brent J. Bourgeois, Roedel, Parsons, Koch, Blache, Balhoff &
   McCollister, 8440 Jefferson Hwy., Ste. 301, Baton Rouge, LA 70809;

3. **Eagle, Inc.**
   (f/k/a Eagle Asbestos & Packing Co., Inc.)
   a corporation duly organized, created and existing under and by virtue of
   the laws of the state of Louisiana, with its principal place of business in
   New Orleans, Louisiana and with an agent for service in the state of
   Louisiana, to-wit: Susan B. Kohn, 1100 Poydras Street, 30th Floor, New
   Orleans, LA 70163;

4. **Jacobs Constructors, Inc.**
   (f/k/a Jacobs/Wiese Constructors, Inc., f/k/a H.E. Wiese, Inc.)
   a California Corporation authorized to do and doing business in
   Louisiana, and with an agent for service in the state of Louisiana, to-wit:
   C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

5. **Hopeman Brothers, Inc.**
   a foreign corporation authorized or was authorized to do business in the
   State of Louisiana, with its principal place of business in Waynesboro,
   VA and with an agent for service in the state of Louisiana, to-wit:  C T
   Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

6. **Huntington Ingalls Incorporated**
   (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman
   Ship Systems, Inc., f/k/a Avondale Industries, Inc.)
   a domestic corporation duly organized, created and existing under and
   by virtue of the laws of the state of Louisiana, with its principal place of
   business in Avondale, Louisiana and with an agent for service, to-wit:  C
   T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

7. **Liberty Mutual Insurance Company**
   (as insurer of Wayne Manufacturing Co., Inc.)
   (For Service of Process via the Direct Action Statute La R.S. 22:1269)
   a company authorized to do and doing business in the State of
   Louisiana, and who may be served through the Louisiana Secretary of
   State;

8. **The McCarty Corporation**
   a corporation duly organized, created and existing under and by virtue of
   the laws of the state of Louisiana, with its principal place of business in
   Baton Rouge, Louisiana and with an agent for service in the state of
   Louisiana, to-wit:  Paul H. Spaht, 445 North Boulevard, Suite 300, Baton
   Rouge, LA 70802;

9.  **MW Custom Paper, LLC**
    (as successor-in-interest to the Mead Corporation)
    a corporation authorized to do and doing business in the State of
    Louisiana, with its principal place of business located in Wilmington,
    Delaware, and with and agent for service of process to-wit: C. T.
    Corporation Systems, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

10. **PPG Industries, Inc.**
    (f/k/a Pittsburgh Plate Glass Company)
    a foreign corporation authorized or was authorized to do business in the
    State of Louisiana, with its principal place of business in Pittsburgh, PA
    and with an agent for service in the state of Louisiana, to-wit: The
    Prentice-Hall Corporation System, Inc., 501 Louisiana Avenue, Baton
    Rouge, LA 70802;

11. **OneBeacon America Insurance Company**
    (as successor to Commercial Union Insurance Company)
    (as the insurer of Avondale Industries, Inc.'s executive officers, including,
    but not limited to Henry "Zac" Carter, deceased)
    (For Service of Process via the Direct Action Statute La R.S. 22:1269)
    a company authorized to do and doing business in the State of
    Louisiana, and who may be served through the Louisiana Secretary of
    State;

12. **Reilly-Benton Co., Inc.,**
    a corporation duly organized, created and existing under and by virtue of
    the laws of the state of Louisiana, with its principal place of business in
    Baton Rouge, Louisiana and with an agent for service in the State of
    Louisiana, to-wit: Thomas L. Cougill, c/o Willingham, Fultz & Cougill,
    LLP, 8550 United Plaza Blvd., Ste. 702, Baton Rouge, LA 70809;

13. **Turner Industries, LLC**
    (successor-in-interest to Nichols Construction Company, LLC, successor-
    in-interest to Nichols Construction Corporation)
    a corporation duly organized, created and existing under and by virtue of
    the laws of the state of Louisiana, with its principal place of business in
    Baton Rouge, Louisiana and with an agent for service in the State of
    Louisiana, to-wit:  John H. Fenner, III, 8687 United Plaza Blvd, Baton
    Rouge, Louisiana 70809; and

14. **Turner Industries, LLC**
    (successor-in-interest to National Maintenance Holding Company, LLC,
    successor-in interest to National Maintenance Corporation)
    a corporation duly organized, created and existing under and by virtue of
    the laws of the state of Louisiana, with its principal place of business in
    Baton Rouge, Louisiana and with an agent for service in the State of
    Louisiana, to-wit John H. Fenner, III, 8687 United Plaza Blvd, Baton
    Rouge, Louisiana 70809.

PLEASE SERVE THE FOLLOWING
DEFENDANTS WITH A COPY
PLAINTIFF'S PETITION FOR
DAMAGES and DISCOVERY:

1. **Ameron International Corporation**
   Through its agent for service of process:
   CT Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816;

2. **Anco Insulations, Inc.**
   Through its agent for service of process:
   Brent J. Bourgeois
   Roedel, Parsons, Koch, Blache, Balhoff
     & McCollister
   8440 Jefferson Hwy., Ste. 301
   Baton Rouge, LA 70809;

3. **Eagle, Inc.**
   Through its agent for service of process:
   Susan B. Kohn
   1100 Poydras Street, 30th Floor
   New Orleans, LA 70163;

4. **Jacobs Constructors, Inc.**
   (f/k/a Jacobs/Wiese Constructors, Inc., f/k/a H.E. Wiese, Inc.)
   Through its agent for service of process:
   CT Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816;

5. **Hopeman Brothers, Inc.**
   Through its agent for service of process:
   CT Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816;

6. **Huntington Ingalls Incorporated**
   (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman
   Ship Systems, Inc., f/k/a Avondale Industries, Inc.)
   Through its agent for service of process:
   CT Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816;

7. **Liberty Mutual Insurance Company**
   (as insurer of Wayne Manufacturing Co., Inc.)
   (For Service of Process via the Direct Action Statute La R.S. 22:1269)
   Through the Louisiana Secretary of State:
   8585 Archives Ave.
   Baton Rouge, LA 70809;

8.  **The McCarty Corporation**
    Through its agent for service of process:
    Paul H. Spaht
    445 North Boulevard, Ste. 300
    Baton Rouge, LA  70802;

9.  **MW Custom Paper, LLC**
    (as successor-in-interest to the Mead Corporation)
    Through its agent for service of process:
    CT Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816;

10. **PPG Industries, Inc.**
    (f/k/a Pittsburgh Plate Glass Company)
    Through its agent for service of process:
    The Prentice-Hall Corporation System, Inc.
     501 Louisiana Avenue
    Baton Rouge, LA 70802;

11. **OneBeacon America Insurance Company**
    (as successor to Commercial Union Insurance Company)
    (as the insurer of Avondale Industries, Inc.'s executive officers, Henry
    "Zac" Carter, all of whom are deceased)
    (For Service of Process via the Louisiana Direct Action Statute, L.R.S.
    22:1269)
    Through the Louisiana Secretary of State:
    8585 Archives Ave.
    Baton Rouge, LA 70809;

12. **Reilly-Benton Co., Inc.**
    Through its agent for service of process:
    Thomas L. Cougill
    c/o Beason-Willingham, LLP
    8550 United Plaza Blvd., Ste. 702
    Baton Rouge, LA 70809;

13. **Turner Industries, LLC**
    (successor-in-interest to Nichols Construction Company, LLC, successor-
    in-interest to Nichols Construction Corporation)
    Through its agent for service of process:
    John H. Fenner, III
    8687 United Plaza Blvd
    Baton Rouge, Louisiana 70809; and

14. **Turner Industries, LLC**
    (successor-in-interest to National Maintenance Holding Company, LLC,
    successor-in interest to National Maintenance Corporation)
    Through its agent for service of process:
    John H. Fenner, III
    8687 United Plaza Blvd
    Baton Rouge, Louisiana 70809.