# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYMOND V. BURKART, JR.,** | * | **CIVIL ACTION NO.: 2:17-CV-12646** |
| **Plaintiff,** | * | |
| | * | **SECTION "J" (1)** |
| **VERSUS** | * | **JUDGE: CARL J. BARBIER** |
| | * | |
| **PPG INDUSTRIES, INC., ET AL** | * | **MAGISTRATE JUDGE** |
| **Defendants.** | * | **JANIS VAN MEERVELD** |
| FILED: _____ | | _____ |
| | | DEPUTY CLERK |

## CRANE CO.'S ANSWER AND DEFENSES
## TO HUNTINGTON INGALLS INC.'S THIRD PARTY DEMAND

NOW INTO COURT, through undersigned counsel comes Third-Party defendant, Crane Co., ("Crane Co." or "Defendant"), and responds to Huntington Ingalls, Inc.'s Third-Party Demand as follows:

1.

The allegations contained in paragraphs 1through 3 of the Third-Party Demand are not directed at Crane Co. and Crane Co. lacks sufficient information with which to justify a belief as to the allegations contained therein, and therefore denies same.

2.

Crane Co. lacks sufficient information with which to justify a belief as to the allegations contained in paragraph 4 of the Third-Party Demand and therefore denies same.

3.

The allegations contained in paragraph 5 of the Third-Party Demand is not directed at Crane Co. and Crane Co. lacks sufficient information with which to justify a belief as to the allegations contained therein, and therefore denies same.

1

4.

The allegations contained in paragraphs 6 through 12 of the Third-Party Demand are denied and Crane Co. demands strict proof thereof, Crane Co., specifically denies that it is liable to Third-Party Plaintiff, jointly, severally, and *in solido* for Plaintiff's alleged damages.

5.

The allegations contained in paragraphs 13 through 31 of the Third-Party Demand are not directed at Crane Co. and Crane Co. lacks sufficient information with which to justify a belief as to the allegations contained therein, and therefore denies same.

6.

The allegations contained in paragraphs 32 through 33 of the Third-Party Demand are denied and Crane Co. demands strict proof thereof, Crane Co., specifically denies that it is liable to Third-Party Plaintiff, jointly, severally, and *in solido* for Plaintiff's alleged damages.

7.

The allegations contained in paragraphs 34 through 39 of the Third-Party Demand are not directed at Crane Co. and Crane Co. lacks sufficient information with which to justify a belief as to the allegations contained therein, and therefore denies same.

8.

Crane Co. denies the prayer of the Third-Party Demand which starts "Wherefore…" and specifically denies each and every allegation set out therein. Crane Co. specifically denies that Third-Party Petitioner is entitled to recover from Crane Co. for any damages whatsoever, in any amount

whatsoever, whether jointly, severally or *in solido* and demands that the Third-Party Demand be dismissed with prejudice, at the cost of the petitioner.

WHEREFORE, Crane Co. denies that Third-Party Petitioner is entitled to a judgment against it, and prays that after due proceedings be had, Crane Co. will be dismissed from these proceedings with prejudice and at the cost of the petitioner.

## **DEFENSES**

1.

Crane Co. avers that all claims alleged in the Third-Party Demand against it are barred, in whole or in part, by prescription, preemption, laches, and/or a statute of limitations.

2.

Third-Party Plaintiff ("plaintiff" and "plaintiffs" as used hereinafter refers to Plaintiff, Plaintiffs, Plaintiffs', Petitioner, Petitioners and/or Petitioners') failed to join as necessary and indispensable parties all of the manufacturers, distributors, suppliers, contractors, subcontractors, and other persons, firms, corporations, associations, and groups which provided asbestos, asbestos-related products, or other harmful toxins, or which used such products in the vicinity of Plaintiff, thereby causing or substantially contributing to Plaintiff's injuries. Plaintiff's failure to join such third parties demonstrates that complete relief cannot be accorded among those who are now parties to this suit. Plaintiff failure to join other necessary and indispensable parties subjects Crane Co. to the substantial risk of incurring double, multiple, and otherwise inconsistent obligations for the damages claimed by Plaintiff.

3.

Third-Party Plaintiff has no cause of action and no right of action against Crane Co.

4.

Crane Co. specifically and affirmatively avers that any and all products it manufactured and/or distributed were at all times reasonably fit and suitable for the purposes for which they were sold and intended and Crane Co. denies that its products released any asbestos fibers so as to cause any asbestos related disease, or that its products were in any way defective for the use for which they were sold. Crane Co. specifically and affirmatively avers the lack of any defect in its products as a defense to all recovery in this case.

5.

Third-Party Plaintiff did not use products manufactured or supplied by Crane Co. or, if in fact he did use such products, then any exposure to such products was so minute as to be *de minimis,* and insufficient in fact or law to cause or contribute to any alleged injuries, damages, losses, or illnesses Plaintiff claims.

6.

Crane Co. invokes all state of the art defenses applicable to the industry in general, medicine and medical science, and all other areas, and alleges that Crane Co. discharged, according to law and due care, each and every duty which it may have owed and/or Plaintiff or any other party under the circumstances.

7.

In the alternative, Crane Co. pleads that at the time any of its products left its control, it did not know and could not have known of, from any then-existing, reasonably available scientific and technological knowledge or any feasible, according to the then-existing economic practicality, the existence of any design characteristic that caused Plaintiff's injuries, the danger of such characteristic, or an alternative design which would perform an identical function.

8.

Crane Co.'s products were manufactured under the same conditions and procedures and with the same materials as those of all other reputable manufacturers of such products used and that said procedures met the standards of the industry as of the time of their manufacture, whenever that might have been, that such products were safe for normal use, were not defective, and were not unreasonably dangerous. The users of Crane Co.'s products at all, times well knew the condition of those products, and, where required, proper warnings were given as to the proper use for each of their products.

9.

Crane Co. denies the existence and/or breach of any express or implied warranty.

10.

Acts or omissions of parties other than Crane Co. caused any injuries or damages to Plaintiff, which injuries or damages Crane Co. denies. More specifically, exposure to tobacco, tobacco products, smoking, and/or smoking products and other harmful substances for which Crane Co. bears no responsibility caused Plaintiff's injuries, if any.

11.

Plaintiff was aware of any dangers that he encountered and knowingly assumed the risk of injury.

12.

Plaintiff's free and voluntary assumption of risk proximately caused or contributed to any injuries or damages Plaintiff allegedly sustained.

13.

Third-Party Plaintiff is guilty of sole or comparative fault which bars him recovery or,

alternatively, reduces it in proportion to his fault or otherwise.

14.

If Plaintiff sustained any injury, which Crane Co. denies, then in that event only, Crane Co. avers that persons or entities for whom Crane Co. has no responsibility or legal liability caused said injuries. If Plaintiff sustained damages, which Crane Co. denies, Crane Co. specifically pleads that negligence and/or fault of a third party for whom it is not responsible was a substantial cause and/or cause-in-fact of any damages and should operate to completely bar recovery against Crane Co. or, alternatively, reduce recovery on a comparative fault or other basis.

15.

Plaintiff knew or should have known through their training and experience how to use properly any asbestos-containing products with which they allegedly came in contact, knew or should have known of the consequences of misusing such products, and did in fact misuse or improperly handle products with which they worked; that such misuse and/or improper use by Plaintiff were the sole proximate cause or, alternatively, a contributing cause, in whole or in substantial part, of the damages Plaintiff sustained, if any, and, therefore, the sole or contributory negligence of Plaintiff and caused Plaintiff's injuries and damages.

16.

As a result of warning labels, industry pamphlets, and other information employers, manufacturers, and others disseminated to Plaintiff knew or should have known of the various properties of asbestos-containing products and the proper care and handling of the same. Plaintiff's use and application of such products in the face of such warnings constituted assumption of the risk and/or comparative fault or negligence, thereby relieving Crane Co. from any or a portion of the responsibility or liability to Plaintiff, if any.

17.

Crane Co. avers that knowledgeable and sophisticated employers employed Plaintiff may have had to warn Plaintiff, of any potential damage incident to their use of Crane Co.'s products, which duty is denied, was discharged by the employers' intervening duty to give Raymond V. Burkart, Jr. any and all required warnings and provide him with a safe place to work. Further answering, and in the alternative, Crane Co. avers that Plaintiff was knowledgeable and sophisticated users of Crane Co.'s products, and Crane Co. owed no duty to Plaintiff to warn him of any dangers inherent in the use of such products.

18.

Raymond V. Burkart, Jr., Raymond V. Burkart, Sr., Bernard Burkart and Harold Hertz's employers and/or the owners of the premises where they worked solidarily, jointly and severally owed them a duty to provide safe places to work free of dust and other hazards, and the breach of such duty was the sole proximate cause of any damages or injuries Plaintiff sustained.

19.

Further, to the extent that Plaintiff worked in a shipyard, any alleged damages or injuries were proximately caused by the negligence or fault of the War Department, Department of Defense, United States Navy, United States Coast Guard, United States of America, and/or other governmental entities in issuing the standards and specifications for material and methods of work to be used, specifically requiring the use of asbestos and asbestos-containing and asbestos-related products in the construction and/or refitting of ships, submarines, and other vessels and water-craft. If said standards and specifications created a dangerous condition, the United States Navy and/or other governmental entities knew or should have known and should have educated and warned plaintiff, Raymond V. Burkart, Jr. and his employers, and/or his worksite owners, but did not. Said

failure to do so was the overriding, intervening, superseding, proximate, and/or legal cause of Plaintiff's alleged injuries and/or damages, if any.

20.

Crane Co. is not liable under any theory of liability for asbestos-containing products manufactured, designed and/or supplied by others that were used with Crane Co.'s products, after those products left Crane Co.'s control.

21.

If Plaintiff has heretofore settled or should hereafter settle with any party, Crane Co. is entitled to a credit for the virile share of that party, whether by head or by proportion of fault, attributable to any and all settling defendants.

22.

Any alleged liability of Crane Co. has been extinguished, discharged or released by Plaintiff settlement with, and/or release of, any solidary obligor.

23.

Crane Co. denies that Plaintiff was ever exposed to asbestos-containing products or harmful products it manufactured and/or supplied.

24.

Crane Co. adopts and asserts all defenses asserted by all other defendants and third-party defendants herein, and reserves its right to supplement and amend its Answer and Defenses as discovery progresses.

25.

Any claim for exemplary or punitive damages is unconstitutional and barred by the Fifth, Eighth, and/or Fourteenth Amendments of the United States Constitution.

26.

Crane Co. asserts the defenses of insufficient citation and/or insufficient service of citation.

27.

Venue is improper in this parish and/or this case should be dismissed for *forum non conveniens.*

28.

This court lacks personal jurisdiction over Crane Co.

29.

This court lacks subject matter jurisdiction over this matter.

30.

This action is premature.

31.

This Third-Party Plaintiff lacks procedural capacity.

32.

Crane Co. hereby pleads any and all other defenses available to it.

33.

Comparative fault principles should be used to allocate fault.

34.

Crane Co. is not legally responsible due to superseding and intervening causes.

35.

Crane Co. demands trial by jury.

WHEREFORE, Defendant, Crane Co., prays that after due proceedings be had, there be judgment rendered herein in its favor and against Third-Party Plaintiff, Huntington Ingalls, Inc.

dismissing the suit at third-party plaintiff's cost and with prejudice.

> Respectfully Submitted,
>
> **PUGH, ACCARDO, HAAS,
> RADECKER & CAREY, L.L.C.**
> 1100 POYDRAS STREET, SUITE 3300
> NEW ORLEANS, LOUISIANA 70163
> Telephone: (504) 799-4500
> Facsimile: (504) 799-4520
> E-Mail: Asbestos@pugh-law.com
>
> BY: /S/ JACQUELINE A. ROMERO
> LAWRENCE G. PUGH (BAR # 17351)
> JACQUELINE A. ROMERO (BAR # 25855)
> DONNA M. YOUNG (BAR #20936)
> SHELLEY L. THOMPSON (BAR #30759)
> **ATTORNEYS FOR CRANE CO.**

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing pleading has been served on all counsel via email on this the 26th day of March, 2018.

/S/ JACQUELINE A. ROMERO