UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAYMOND BURKART, JR.                        CIVIL ACTION

VERSUS                                      No.: 17-12646

PPG INDUSTRIES, INC., ET AL.                SECTION: "J"(1)

## ORDER

Before the Court is a *Motion to Remand* **(Rec. Doc. 12)** filed by Plaintiff, Raymond Burkart, Jr. ("Plaintiff"), and an opposition thereto (Rec. Doc. 20) filed by Defendant, Huntington Ingalls Incorporated (f/k/a Avondale Shipyards, Inc.) (hereinafter, "Avondale"). Plaintiff and Avondale have both filed a reply (Rec. Doc. 22) and sur-reply (Rec. Doc. 25), respectively. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

Plaintiff alleges that he contracted mesothelioma as a result of being exposed to asbestos-containing products during his employment at Avondale. The parties agree that Plaintiff's alleged asbestos exposure relates, at least in part, to asbestos-containing materials being installed aboard ships being built for the United States Navy. Plaintiff filed the instant suit against Avondale in state court seeking damages for Avondale's alleged failure to warn of the hazards of asbestos and failure to implement

1

proper safety procedures for the handling of asbestos. Avondale subsequently removed the action to this Court, asserting federal jurisdiction under 28 U.S.C. § 1442, the federal officer removal statute. Avondale contends that the Court has federal officer jurisdiction over the dispute because its use and installation of asbestos-containing materials in the construction of federal vessels was required by the contractual provisions and design specifications mandated by the federal government.

Plaintiff argues in his motion to remand that Avondale has not carried its burden of establishing the elements of federal officer jurisdiction—specifically, that a casual nexus exists between Plaintiff's claims and Avondale's acts under the color of federal office. Simply put, Plaintiff argues that his claims for failure to warn and failure to safeguard have nothing to do with Avondale's compliance with federal requirements because asbestos-related safety measures at Avondale were never under federal direction and control. Thus, Plaintiff avers that Avondale cannot make a showing of a casual nexus between a federal officer's direct and detailed control over Avondale's safety activities and Avondale's ability to comply with its obligation to warn and/or safeguard under state law.

In contrast, Avondale argues that the federal government's mandate that it use asbestos-containing material is sufficient to establish the casual nexus prong of the federal officer removal

2

statue as amended. In particular, Avondale asserts that Plaintiff relies on a casual nexus standard that was rendered obsolete when Congress amended the federal officer removal statute in 2011. Avondale argues that under the amendment, the removing party need only show that there is some connection or association between the plaintiff's claims and the defendant's conduct under color of federal office.[1] Thus, Avondale maintains that its removal of this suit is proper because Plaintiff's negligence claims "relate to" the government's mandate that Avondale use asbestos-containing products in its ships.

This Court has recently rejected identical arguments made by Avondale regarding the casual nexus requirement in *Guillot v. Avondale Indus., Inc.*, No. 17-7666 (E.D. La. April 9, 2018) (Rec. Doc. 46). There, the Court found that Avondale failed to show that a casual nexus existed between the federal government's requirement that Avondale use asbestos-containing materials and Avondale's ability to comply with its obligations to warn and/or safeguard under state law. Accordingly, for the reasons expressed in *Guillot v. Avondale Indus., Inc.*, No. 17-7666 (E.D. La. April 9, 2018) (Rec. Doc. 46);

---

[1] Prior to the amendment, § 1442 allowed the removal of a state suit against a person acting under a federal officer when the suit was for "for any act under color of such office." Act of June 25, 1948, ch. 646, 62 Stat. 938 (codified at 28 U.S.C. § 1442); see Zeringue, 846 F.3d at 793. Congress altered the language of § 1442 in 2011 to allow the removal of a state suit "for *or relating to* any act under color of such office." 28 U.S.C. § 1442(a)(1).

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 12)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned case is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 10th day of April, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE